Chief Jerry L. Demings Orlando Police Department 100 South Hughey Avenue Orlando, Florida 32801-2589
Dear Chief Demings:
You ask the following question:
Assuming there are no prohibitions or restrictions in the applicable municipal and county charters or codes, may a municipal police officer make an arrest pursuant to section 901.15(1), Florida Statutes, for a violation of a county penal ordinance that occurs in the officer's presence within the territorial boundaries of the municipality located within the county?
In sum:
Where there are no prohibitions or restrictions in the applicable municipal and county charters or codes, a municipal police officer may make an arrest for a violation of a county penal ordinance that occurs in the officer's presence within the territorial boundaries of the municipality located within the county.
According to your letter, the Orlando Police Department's Vice Unit has reported an increase in escort service activity in the City of Orlando. You state that many of these operations are fronts for prostitution services. Orange County has enacted a comprehensive adult entertainment ordinance, a section of which is directed at escort services. You have advised this office that this county ordinance is applicable throughout the county, not just in the unincorporated areas, and therefore is applicable within the Orlando city limits.
You state that the Orlando Police Department wishes to make arrests for violations of this county ordinance occurring within the city limits and in the officer's presence or in fresh pursuit. According to your letter, there are no prohibitions or restrictions in either the city's or the county's charter or code regarding this issue. Section 901.15, Florida Statutes, provides in pertinent part:
"A law enforcement officer may arrest a person without a warrant when:
(1) The person has committed a felony or misdemeanor or violated a municipal or county ordinance in the presence of the officer. An arrest for the commission of a misdemeanor or the violation of a municipal or county ordinance shall be made immediately or in fresh pursuit." (e.s.)
While section 901.15(1) does not define "law enforcement officer," reference is made to definitions in section 943.10, Florida Statutes, later in section 901.15, specifically in subsection (13), regarding law enforcement officers employed by the state. Section 943.10(1), Florida Statutes, contains a general definition of "Law enforcement officer" as
"any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency."[1]
This office has previously stated that a deputy sheriff has the authority to make arrests for violations of municipal ordinances.[2] This conclusion was based on an earlier version of section 901.15(1), which stated that a peace officer may arrest a person without a warrant when the person has committed a felony or misdemeanor or violated a municipal ordinance in the presence of the officer.
In light of the above, it appears that a municipal police officer may arrest a person without a warrant when the person has violated a county ordinance that is effective within the municipality, as long as the violation occurs in the presence of the officer within the municipality.
You also inquire about a police officer's ability to make such an arrest in fresh pursuit in light of Attorney General Opinion 72-285. That opinion stated that a municipal police officer, in fresh pursuit, could follow from the municipality to any place in the county in which such municipality is located, and there arrest a person who had violated a city ordinance or committed a misdemeanor within the municipality, or a person whom the police officer reasonably believed had committed or was committing a felony. The opinion did not reference county ordinances. The conclusions reached in that opinion were based on the language of section901.25, Florida Statutes, which at that time provided:
"A police officer of a municipality, when necessary to make an arrest,may make a fresh pursuit of a person from within the municipality to anypoint in the county in which the municipality is located when the person pursued has violated a city ordinance or committed a misdemeanor within the municipality, or the officer reasonably believes that the person has committed or is committing a felony."
Section 901.25, Florida Statutes, was been subsequently amended[3]
and now provides in subsection (2):
"Any duly authorized state, county, or municipal arresting officer is authorized to arrest a person outside the officer's jurisdiction when in fresh pursuit. Such officer shall have the same authority to arrest and hold such person in custody outside his or her jurisdiction, subject to the limitations hereafter set forth, as has any authorized arresting state, county, or municipal officer of this state to arrest and hold in custody a person not arrested in fresh pursuit."
The term "fresh pursuit" is defined to include "fresh pursuit as defined by the common law and also the pursuit of a person who has committed a felony or who is reasonably suspected of having committed a felony. It shall also include the pursuit of a person suspected of having committed a supposed felony, though no felony has actually been committed, if there is reasonable ground for believing that a felony has been committed. It shall also include the pursuit of a person who has violated a county or municipal ordinance or chapter 316 or has committed a misdemeanor."[4]
Since a municipal law enforcement officer may arrest for a violation of a county ordinance occurring within the municipality, section 901.25, Florida Statutes, authorizes such an officer to arrest a person outside the officer's jurisdiction when in fresh pursuit.
Inasmuch as the police officer is making an arrest for a violation of a county ordinance, it may be advisable for the municipal police department to coordinate with the county sheriff's office in their mutual exercise of such authority for the protection and safety of the citizenry.
Accordingly, I am of the opinion that, assuming there are no prohibitions or restrictions in the applicable municipal and county charters or codes, a municipal police officer may make an arrest pursuant to section901.15(1), Florida Statutes, for a violation of a county penal ordinance that occurs in the officer's presence within the territorial boundaries of the municipality located within the county.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] And see, s. 943.10(6), Fla. Stat., which defines "Part-time law enforcement officer" as "any person employed or appointed less than full time, as defined by an employing agency, with or without compensation, who is vested with authority to bear arms and make arrests and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state."
[2] Attorney General Opinion 74-123 (1974).
[3] See, e.g., Ch. 78-246, Laws of Florida, which substantially rewrote the section, and Ch. 83-119, s. 2, Laws of Florida, which in the third sentence of s. 901.25(1), substituted "county or municipal" for "city."
[4] Section 901.25(1), Fla. Stat.